UNITED STATES DISTRICT COURT
WESTERN DIVISION OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| **MICHAEL D. GREENE** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 3:08-CV-00483-DB** |
| | § | |
| **WOODFOREST NATIONAL BANK** | § | |

### DEFENDANT WOODFOREST NATIONAL BANK'S ORIGINAL ANSWER TO PLAINTIFF MICHAEL D. GREENE'S AMENDED ORIGINAL PETITION

Defendant Woodforest National Bank now answers plaintiff Michael D. Greene's amended original complaint with admissions, denials, and affirmative defenses.

### A. Admissions & Denials

1.    Regarding the allegations in paragraph 1, Woodforest admits that Greene is a resident of Arizona and currently an inmate at the Federal Correctional Institution – La Tuna in Anthony, El Paso County, Texas. Woodforest further admits that Exhibit A to Greene's amended original complaint is a copy of the deposit account contract.

2.    Regarding the allegations in paragraph 2, Woodforest admits that: it is a national banking association duly organized and existing under the laws of the State of Texas, with its principal place of business in The Woodlands, Montgomery County, Texas; Woodforest has made an appearance in the case; and Woodforest may be served through its counsel.

3.    Woodforest admits that there is diversity jurisdiction but denies the remaining allegations in paragraph 3.

4.    Regarding the allegations in paragraph 4, Woodforest admits that the court's April 23, 2009 order found that venue is proper and convenient in the Western District.

5.      Woodforest admits the allegations in paragraph 5.

6.      Regarding the allegations in paragraph 6, Woodforest admits on December 14, 2004, Michael D. Greene, 6911 Windcrest Estates Court, Magnolia (Montgomery County), Texas, opened demand deposit account number 3884863 with Woodforest – this account was a single party account without POD (payable on death designation), but listed a Brenda Garrett as beneficiary. Greene was the only signatory on the account.

7.      Regarding the allegations in paragraph 7, Woodforest admits that Greene had only two deposits on his account and the second of these two deposits was a wire transfer received on July 13, 2005 in the amount of $630,199.95 from Chicago Title Insurance Company in Houston, Texas.

8.      Woodforest admits the allegations in paragraph 8.

9.      Woodforest denies the allegations in paragraph 9.

10.     Woodforest denies the allegations in paragraph 10

11.     Woodforest denies the allegations in paragraph 11.

12.     Woodforest denies the allegations in paragraph 12.

13.     Woodforest denies the allegations in paragraph 13.

14.     Woodforest denies the allegations in paragraph 14.

15.     Woodforest denies the allegations in paragraph 15.

16.     Woodforest denies the allegations in paragraph 16.

17.     Woodforest admits the allegations in paragraph 17.

18.     Woodforest admits the allegations in paragraph 18.

19.     Woodforest admits the allegations in paragraph 19.

20.     Woodforest denies the allegations in paragraph 20.

21.     Woodforest denies the allegations in paragraph 21. The *First Ill. Bank & Trust* case has been

reversed by *Bank One Chicago, N.A. v. Midwest Bank & Trust Co.*, 516 U.S. 264 (1996).

22.     Regarding the allegations in paragraph 22, Woodforest admits that the statute provides:

12 U.S.C.A. § 4002[1]
(a) Next business day availability for certain deposits
        (1) Cash deposits; wire transfers
        Except as provided in subsection (e) of this section and in section 4003 of this
        title, in any case in which--
                (A) any cash is deposited in an account at a receiving depository
                institution staffed by individuals employed by such institution, or
                (B) funds are received by a depository institution by wire transfer for deposit
                in an account at such institution,
        such cash or funds shall be available for withdrawal not later than the business
        day after the business day on which such cash is deposited or such funds are
        received for deposit.

23.     Regarding the allegations in paragraph 23, Woodforest admits that the statute provides:

12 U.S.C.A. § 4010[2]
(a) Civil liability
Except as otherwise provided in this section, any depository institution which fails
to comply with any requirement imposed under this chapter or any regulation
prescribed under this chapter with respect to any person other than another depository
institution is liable to such person in an amount equal to the sum of--
        (1) any actual damage sustained by such person as a result of the failure;
        (2)     (A) in the case of an individual action, such additional amount as the
                court may allow, except that the liability under this subparagraph shall
                not be less than $100 nor greater than $1,000; or
                (B) in the case of a class action, such amount as the court may allow,
                except that--
                        (I) as to each member of the class, no minimum recovery shall
                        be applicable; and

---

[1]United States Code Annotated, Title 12 Banks and Banking, Chapter 41 Expedited Funds Availability, Section 4002 Expedited funds availability schedules.

[2]United States Code Annotated, Title 12 Banks and Banking, Chapter 41 Expedited Funds Availability, Section 4010 Civil liability.

> (ii) the total recovery under this subparagraph in any class ac
> action or series of class actions arising out of the same failure
> to comply by the same depository institution shall not be more
> than the lesser of $500,000 or 1 percent of the net worth of the
> depository institution involved; and

(3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court.

24.     Woodforest admits the allegations in paragraph 24.

25.     Woodforest admits the allegations in paragraph 25.

26.     Woodforest admits the allegations in paragraph 26.

27.     Woodforest admits the allegations in paragraph 27.

28.     Regarding the allegations in paragraph 28, Woodforest admits that the terms and conditions

of the deposit account contract provide:

> Unless otherwise clearly indicated on the account records , any one of you who signs
> this form including authorized signers, may withdraw or transfer all or any part of the
> account balance at any time on forms approved by us. . . . *We reserve the right to
> refuse any withdrawal or transfer request which is attempted by any method not
> specifically permitted, which is for an amount less than any minimum withdrawal
> requirement, or which exceeds any frequency limitation.*

(emphasis added). *See* Exhibit A to Greene's Original Amended Petition (under Withdrawals).

29.     Regarding the allegations in paragraph 29, Woodforest admits that the referenced deposit was

available on or about July 14, 2005, within the Act's time frame or schedule.

30.     Woodforest denies the allegations in paragraph 30.

31.     Woodforest denies the allegations in paragraph 31.

32.     Woodforest denies the allegations in paragraph 32.

33.     Woodforest denies the allegations in paragraph 33.

34.     Woodforest admits the allegations in paragraph 34.

35.    Woodforest admits the allegations in paragraph 35.

36.    Regarding the allegations in paragraph 36, Woodforest admits that the *Luckett* case provides that "a bank account is a chose in action[3] of the depositor against the bank, which the latter is obligated to pay in accordance with the terms of the deposit." *Anderson Nat'l Bank v. Luckett*, 321 U.S. 233, 248 (1944).

37.    Regarding the allegations in paragraph 37, Woodforest admits that the Delaware case provides that "'deposits are debtor obligations of the bank.'" *Delaware v. New York*, 507 U.S. 490, 502 (1993) (emphasis omitted) (quoting *Luckett*, 321 U.S. at 241).

38.    Woodforest denies the allegations in paragraph 38.

39.    Woodforest lacks sufficient knowledge or information to form a belief about the truth of paragraph 39.

40.    Woodforest denies the allegations in paragraph 40.

41.    Woodforest denies the allegations in paragraph 41.

42.    Woodforest denies the allegations in paragraph 42.

43.    Woodforest denies the allegations in paragraph 43.

44.    Regarding the allegations in paragraph 44, Woodforest admits that the *Edwards* case provides: "we have oft stated that '[t]he relief sought, that to be granted, or within the power of the

---

[3]Black's Law Dictionary provides:

chose in action. 1. A proprietary right in personam, such as a debt owed by another person, a share in a joint-stock company, or a claim for damages in tort. . . . 2. The right to bring an action to recover a debt, money, or thing. 3. Personal property that one person owns but another person possesses, the owner being able to regain possession through a lawsuit.

BLACK'S LAW DICTIONARY (8th ed. 2004).

Court to grant, should be determined by substance, not a label.'" *Edwards v. City of Houston*, 78

F.3d 983, 995 (5th Cir. 1996) (quoting *Bros Inc. v. W.E. Grace Mfg. Co.*, 320 F.2d 594, 606 (5th Cir.

1963)).

45.     Regarding the allegations in paragraph 45, Woodforest admits that the *Haines* case provides

that "the allegations of the pro se complaint" are held "to less stringent standards than formal

pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

46.     Woodforest denies the allegations in paragraph 46.

47.     Woodforest denies the allegations in paragraph 47.

48.     Woodforest denies allegations (a-f) in paragraph 48.

49.     Woodforest further denies the allegations in paragraphs 20-32 that Woodforest violated the

Electronic Funds Availability Act.

50.     Woodforest further denies the allegations in paragraph 33-43 that Woodforest had a duty to

disburse funds or deposits under the circumstances here.

51.     Woodforest further denies the allegations in paragraphs 33-43 that Woodforest's acts

constitute a breach of any duty.

52.     Woodforest further denies the allegations in paragraphs 33-43 that Woodforest's acts

proximately caused any damages.

53.     Woodforest further denies the allegations in paragraphs 33-43 that Greene incurred any

damages as a result of the alleged breach.

## B. Affirmative Defenses

54.     Woodforest is not liable to Greene because claims are barred by  statutes of limitations.

55.    Woodforest is not liable to Greene because his material breach of the agreement discharged any of Woodforest's alleged obligations.

56.    Woodforest is not liable to Greene because he waived any issue of performance or alleged breach by Woodforest.

57.    Greene's own acts or omissions proximately caused or contributed to his injuries.

58.    Woodforest is not liable to Greene because of fraud.

59.    Woodforest is not liable to Greene because of illegality.

60.    Woodforest is not liable to Greene because of laches.

61.    Woodforest is not liable to Greene because of justification.

62.    Any injury was the result of the criminal acts of Greene and third parties.

63    Woodforest is not liable to Greene because res judicata bars recovery.

64.    Greene is estopped from suing on the contract.

### C. Prayer

65.    For these reasons, defendant Woodforest National Bank asks the court to enter judgment that plaintiff Michael D. Greene take nothing, dismiss Greene's suit with prejudice, assess costs against Greene, and award Woodforest all other relief the court deems appropriate.

Respectfully submitted,

By: _____

Douglas R. Drucker    Attorney in Charge
SBN: 06136100    drucker@drs-llp.com
**Attorney for Defendant**
**Woodforest National Bank**

**Of Counsel**
**DRUCKER, RUTLEDGE & SMITH, L.L.P.**
Waterway Plaza One
10003 Woodloch Forest Drive, Suite 225
The Woodlands, Texas  77380
Telephone: 281-681-3515
Facsimile:  281-681-3543

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing document was filed via CM/EDF and forwarded  via USPS 1st Class and CMRRR to the following on June 16, 2009:

**Pro Se**                                                    **CMRRR 7008 0150 0000 6228 1299**
Michael D. Greene, Pro Se                                         **and USPS 1st Class**
La Tuna FCI        ID# 07678062
P.O. Box 8000
Anthony, TX   88021

By:_____
Douglas R. Drucker ) Attorney in Charge